JOSEPH B. F. OSGOOD & another *vs.* JOHN H. NICHOLS.

An auctioneer, sued for the proceeds of goods entrusted to and sold by him as such, cannot set up title in himself, either as a defence to the action or in reduction of damages.

ACTION OF CONTRACT for money had and received by the defendant, for goods entrusted to him by the plaintiffs, and sold by him as auctioneer. At the trial in this court, the defendant offered to show property in himself. But *Metcalf*, J. excluded the evidence, the jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*S. H. Phillips*, for the defendant. It would seem that the defendant should have been allowed, by way of defence to the action, to prove property in the goods sold. *Hardman* v. *Willcock*, 9 Bing. 382, *note. Pierce* v. *Andrews*, 6 Cush. 4. *Roberts* v. *Wentworth*, 5 Cush. 193. But if the evidence did not constitute a defence to the action, it was admissible upon the question of damages. *Bursley* v. *Hamilton*, 15 Pick. 43, and cases there cited by counsel. See also *Richardson* v. *Spencer*, 6 Ohio, 13.

*O. P. Lord*, for the plaintiffs.

METCALF, J. We are of opinion that the evidence, which the defendant offered at the trial, was not admissible, either as a defence to the action or in reduction of damages. The goods were entrusted to him for sale, as an auctioneer, and he received and sold them in that capacity. He made no claim on them as his property, until he was called upon for the proceeds of the sale. And it neither appears, nor is suggested, that he acted, in the sale, under any ignorance or misapprehension of his own rights. If the goods were his, he purposely misled the plaintiff, and is estopped to make the defence which he now offers. *Dewey* v. *Field*, 4 Met. 381. *Cox* v. *Buck*, 3 Strob. 367. *Brown* v. *Wheeler*, 17 Conn. 345. *Strong* v. *Ellsworth*, 26 Verm. 373. *Hawes* v. *Watson*, 2 B. & C. 540. 2 Smith's Lead. Cas. (3d Amer. ed.) 531 *& seq.* *Exceptions overruled.*